UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

   Plaintiff,

v.

WILLIAM JOSEPH ST. GEORGE,

   Defendant.
                /

Case No. 2:19-cr-29-02

Hon. Paul L. Maloney
U.S. District Judge

## **ORDER OF DETENTION**

On July 2, 2020, the Court conducted a change of plea in Defendant St. George's case. (ECF No. 56.) Defendant pled guilty to Count 1 of the indictment (ECF No. 1), which charged him with conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine or 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A)(viii). (ECF No. 55 (report and recommendation).) On Sept. 8, 2020, U.S. District Judge Maloney adopted this report and recommendation and adjudicated Defendant guilty. (ECF No. 63.)

On July 20, 2020 (after the change of plea hearing, but prior to the adoption of the report and recommendation), the undersigned issued a warrant for Defendant's arrest for alleged violations of conditions of release. (ECF Nos. 61, 62.)

On October 22, 2020, Defendant was arrested on the undersigned's warrant by the Marquette Police Department.

On October 23, 2020, the undersigned conducted a bond review hearing and initial appearance on this arrest. The undersigned orders Defendant detained

pending sentencing pursuant to 18 U.S.C. § 3143(a)(2). On September 8, 2020, the Court found Defendant guilty of an offense described in 18 U.S.C. § 3142(f)(1)(C). As a result, the undersigned could only release Defendant on bond pending sentencing if conditions set forth in 18 U.S.C. § 3143(a)(2)(A) and (B) were met. The undersigned finds those conditions were not met. Accordingly, the undersigned orders Defendant detained pending sentencing.

On October 23, 2020, the undersigned also advised Defendant of the alleged bond violations, but did not make findings regarding whether these violations took place. The parties informed the undersigned that these allegations were included, in general terms, in the initial presentence report (PSR). (ECF No. 65.) The government asked the Court to make findings regarding the alleged violations so that the government could argue for denial of credit for acceptance of responsibility under U.S.S.G. § 3E1.1 at the time of sentencing. The undersigned will decline the government's request to adjudicate these matters for three reasons. First, Defendant has already ruled that Defendant is detained pending sentencing. Second, either party may object to the statement in the PSR and ask the Court to resolve the disagreement at sentencing. *See* Fed. R. Crim. P. 32(f) and (i). And, third, the government's request appears to relate primarily to a sentencing issue. As a matter of judicial efficiency, this issue should be addressed in the context of the PSR process and the sentencing hearing.

IT IS SO ORDERED.

Dated: ___October 23, 2020___   /s/ *Maarten Vermaat*
                                                                           MAARTEN VERMAAT
                                                                           U.S. MAGISTRATE JUDGE